IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES SWORDS, *et al.*, : | |
| : | Case No. 2:14-CV-1396 |
| **Plaintiffs,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Kemp |
| TRANSPORT SOLUTIONS OF : | |
| AMERICA, LLC, *et al.*, : | |
| : | |
| **Defendants.** : | |

## **OPINION & ORDER**

This matter is before the Court on the Motion *in Limine* of Plaintiffs Charles Swords and Eloise Swords. (Doc. 39.) Plaintiffs ask the Court to exclude evidence at trial regarding any of the following matters:  (1) whether Plaintiff Charles Swords was injured in the motor-vehicle accident at issue in this case; (2) unrelated prior medical history; (3) unrelated prior motor vehicle accidents; (4) unrelated prior workers' compensation claims; (5) evidence about Defendant Kenneth Blevins or Defendant American Transport Solutions, LLC; (6) drug use by Plaintiffs' adult daughter; and (7) any opinions of Defendants' retained expert that are not set forth in Defendants' Rule 26 report. (*Id.* at 1.)  For the reasons below, Plaintiffs' Motion is **DENIED in part** and **GRANTED in part**.

## I.     BACKGROUND

This case arises from an automobile accident on November 27, 2012 in Franklin County, Ohio, when Defendant Kenneth Blevins failed to yield the right of way to eastbound traffic on Greenlawn Avenue while making a left turn onto the entrance ramp to southbound I-71, causing his vehicle to collide with the vehicle operated by Plaintiff Charles Swords. (Compl., Doc. 2 at ¶ 1.) On August 6, 2015, the parties stipulated that Defendant Blevins, while operating a vehicle

1

in the course and scope of his employment for Defendant Transport Solutions of America, LLC, negligently and solely caused the collision between his vehicle and Mr. Swords's vehicle. (Doc. 25.) Consequently, this matter will proceed to trial only on the issue of what damages were proximately caused by the action. Trial is set to begin on Monday, January 11, 2016.

Plaintiffs allege that as a direct and proximate result of Defendants' conduct, Plaintiff Charles Swords incurred injuries that have caused and will continue to cause him pain, suffering, mental anguish, and permanent disability. (Doc. 2 at ¶ 3.) Plaintiff Eloise Swords also alleges that she has lost and will lose the companionship and consortium of her husband, Plaintiff Charles Swords. (*Id.* at ¶ 6.) Plaintiffs seek compensatory damages, pre- and post-judgment interest, and attorney fees and costs.

## II.  LEGAL STANDARDS

### A. Motions *in Limine*

Motions *in limine* allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and give the parties advance notice of the evidence they may not rely upon at trial. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997)). To prevail on a motion *in limine,* the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy and potential prejudice may be resolved in the context of trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Whether or not to grant a motion *in limine* is within the discretion of a trial court. *Delay v. Rosenthal Collins Grp., LLC*, 2:07-CV-568, 2012 WL 5878873, *2 (S.D. Ohio Nov. 21, 2012) (citing *Branham v. Thomas Cooley Law Sch.,* 689

2

F.3d 558, 560 (6th Cir.2012)).  The Court may reconsider the admissibility of the evidence, however, and even change its ruling on a motion *in limine*, "as the proceedings give context to the pretrial objections."  *Bennett*, 2011 WL 4753414, at * 1 (*citing Black v. Columbus Pub. Sch.*, No. 2:96-CV-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept. 17, 2007)).

### B.  Federal Rules of Evidence 401 and 403

The Federal Rules of Evidence govern the admissibility of evidence in this Court.  Relevancy is the threshold determination regarding the admissibility of evidence. *Cervelli v. Thompson/Ctr. Arms,* No. C2-99-1409, 2002 WL 193577, at *4 (S.D. Ohio Jan. 28, 2002) (citing *Koloda v. General Motors Parts Div., General Motors Corp.,* 716 F.2d 373, 375 (6th Cir.1983).  Under Rule 401, the standard for relevancy is "extremely liberal." *Dortch v. Fowler,* 588 F.3d 396, 400 (6th Cir.2009)). According to Federal Rule of Evidence 401, evidence is relevant if it has "*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (emphasis in original); *see also* Fed R. Evid. 401.  This Court has broad discretion to determine questions of relevance.  *Whittington*, 455 F.3d at 738.

Additionally, Rule 403 states that although relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . .  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  To exclude evidence under Rule 403, it must be more than damaging to the adverse party; it must be unfairly prejudicial.  *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1982).  This Court also has broad discretion to decide Rule 403 issues.  *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989).

### III.  ANALYSIS

#### A.  Evidence of Charles Swords's Injuries

Plaintiffs ask the Court to exclude any evidence to the effect that Plaintiff Charles Swords was not injured, citing a report from Defendants' expert witness, Dr. Gerald S. Steiman, who examined Mr. Swords and opined that he was injured in the automobile accident.  (*See* Doc. 39, Ex. A.)  Defendants respond that they do not intend to argue at trial that Mr. Swords was not injured at all but, rather, that he suffered only minor soft tissue injuries which have since resolved themselves.  They intend to offer evidence to support this argument from Dr. Steiman, as well as Mr. Swords's pain management specialist, Dr. Robert Perkins.  (Doc. 52 at 1-2.) Because Plaintiffs offer no support for the proposition that Dr. Steiman will attempt to argue that Mr. Swords was not injured, the Court **DENIES** Plaintiffs' request to preclude argument or the introduction of evidence to the effect that Mr. Swords was not injured.

#### B.  Unrelated Prior Medical History

Plaintiff next seeks the exclusion of any reference to Plaintiff Charles Swords's past "unrelated" medical history.  (Doc. 39 at 2-3.)  Plaintiffs object to what they characterize as Dr. Steiman's "gratuitous" recitation of every medical complaint made by Mr. Swords during Dr. Steiman's examination, including diarrhea, arthritis, hernia, left forearm injury, fractured tailbone, elevated cholesterol and blood pressure, and Crohn's disease.  (*Id.*)  Defendants urge the Court to deny this request because these statements, as well as statements regarding his medical history that Mr. Swords made to other physicians, whom Defendants will cross examine at trial, go to the issue of Mr. Swords's credibility.  (Doc. 52 at 2.)  In particular, Defendants plan to argue at trial that Mr. Swords's failure to describe prior neck and back injuries to Dr. Steiman, which he claimed that he suffered as the result of the automobile accident, coupled with his

disclosure of numerous other ailments, will show that he lacks credibility regarding his alleged neck and back pain.  (*Id.*)  The Court finds that such evidence of past medical history is relevant to Mr. Swords's credibility and may shed light on the existence and severity of his injuries, and that the evidence is not unfairly prejudicial to Plaintiffs.  Plaintiffs' motion to exclude evidence of prior medical history is **DENIED**.

### C.  Unrelated Prior Motor Vehicle Accidents

Pointing out that Dr. Steiman's report refers to previous automobile accidents in which Mr. Swords was involved (Doc. 39, Ex. A at 2), Plaintiffs ask the Court to exclude evidence of any of these accidents.  (Doc. 39 at 3-4.)  Defendants contend that this portion of the motion is moot because they do not intend to present any evidence or argument that Mr. Swords's past motor vehicle accidents are relevant to this case.  (Doc. 52 at 3.)  Defendants have acknowledged that there is no evidence that Mr. Swords was injured in any past accidents, and Dr. Steiman's report says as much.  (*Id.*)

Because both parties agree that there is no evidence that Mr. Swords was injured in previous automobile accidents, Plaintiffs' motion to exclude evidence of prior motor vehicle accidents is **GRANTED**.

### D.  Unrelated Prior Workers' Compensation Claims

Dr. Steiman's report contains a reference to Mr. Swords's previous work-related injuries, and Mr. Swords also acknowledged these injuries and the resulting workers' compensation claims in his deposition.  (*See* Doc. 39, Ex. A at 2 ("Mr. Swords has multiple work-related injuries.  He injured his left forearm.  In 2006 he fell and might have fractured his tailbone.").)  Plaintiffs ask the Court to exclude any reference to these claims on the ground that there is no evidence that these prior injuries are related to the injuries sustained by Mr. Swords as a result of

the automobile accident at issue in this case. (Doc. 39 at 4.) Defendants counter that Mr. Swords's 2006 claim involved neck and back sprains, and that the records for that claim reflect ongoing complaints about these injuries up until October 2011. (Doc. 52 at 3.) Further, some of Mr. Swords's claim records reveal his requests to be declared disabled for other health reasons. They contend that this information is relevant to the extent of damages he suffered as a result of the November 2012 automobile accident. (*Id.*)

The Court finds that this evidence is relevant under Rule 401 because it could tend to show that Plaintiffs' injuries were caused by events prior to the automobile accident. Further, its admission, while possibly detrimental to Plaintiffs' case, would not *unfairly* prejudice them. Defendants will be limited, however, to introducing evidence of workers' compensation claims for injuries that are related to the injuries that he allegedly sustained in the automobile accident at issue here. Claims for other such injuries are irrelevant. Therefore, Plaintiffs' motion to exclude evidence of prior workers' compensation claims is **GRANTED in part** and **DENIED in part**.

### E.  Evidence about Defendant Blevins or Defendant Transport Solutions

Plaintiffs ask the Court to exclude "any evidence about" Defendant Blevins or Defendant Transport Solutions on the ground that it is irrelevant to the issue to be submitted to the jury: the extent of Plaintiffs' injuries and damages. (Doc. 39 at 4-5.) Defendants have stated that Defendant Blevins will not attend the trial and a representative from Defendant Transport Solutions will attend but not testify, and their proposed witness list also reflects that Defendants will not testify. But this request to introduce no evidence about the Defendants whatsoever is overly broad, and Plaintiffs have not shown that they would be prejudiced by reference to Defendants Blevins or Transport Solutions. Therefore, the motion to exclude this evidence is **DENIED**.

### F. Drug Use by Plaintiffs' Daughter

Defendants ask the Court to exclude any evidence regarding their adult daughter's drug use. (Doc. 39 at 5.) In Plaintiff Eloise Swords's deposition, in response to a question about why the Swords's grandson lived with them instead of with their daughter (the child's mother), Ms. Swords stated: "She got mixed up in drugs. She goes to rehab. She gets out. Sometimes she gets back on them. It's not a good thing for a baby to be around." (Eloise Swords Dep., Doc. 33-1 at 5.) Defendants respond that they have no intention of introducing any evidence regarding Plaintiffs' daughter's drug use and that, therefore, the Court need not rule on this portion of the motion. (Doc. 52 at 4.) Because there is no indication that Plaintiffs' daughter's drug use is relevant in this case, the Court **GRANTS** Plaintiffs' motion.

### G. Opinions of Defendant's Expert, Dr. Steiman

Finally, Plaintiffs ask the Court to exclude any testimony from Dr. Steiman, Defendants' expert, that is not included in his Federal Rule of Civil Procedure 26(a)(2)(B) report. (Doc. 39 at 5-6.) Rule 26 requires parties who wish to offer expert witness testimony at trial to submit a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 26(e)(2) further mandates that a party must supplement expert witness reports "by the time the party's pretrial disclosures under Rule 26(a)(3) are due," or at least 30 days before trial, Fed. R. Civ. P. 26(a)(3)(B). Because Defendants did not supplement Dr. Steiman's May 8, 2015 report—and indeed, did not conduct his video deposition until December 24, 2015—Plaintiffs contend that Defendants should be barred from eliciting testimony from Dr. Steiman that is not contained in his Rule 26(a(2)(B) report. (Doc. 39 at 5-6.)

Defendants do not attempt to explain their failure to comply with the requirement of Rule 26 to supplement their expert witness report at least 30 days in advance of trial, although they do note that they do not expect Dr. Steiman's video deposition, which has not yet been transcribed, to contain any testimony that is not also contained in the Rule 26 report.  The Court acknowledges that the trial date on January 11, 2016 was set on December 8, 2015, which did not allow Defendants much time to supplement their report if they wished to do so, but Defendants did not request an extension of time to supplement nor did they offer any indication why they could not have conducted Dr. Steiman's video deposition earlier than December 24, 2015.  Therefore, consistent with Rule 26(e)(2), the Court **GRANTS** Plaintiff's motion to exclude testimony or opinions of Dr. Steiman that are not set forth in his Rule 26(a)(2)(B) report. Although Defendants may use Dr. Steiman's video deposition at trial, they will be precluded from using evidence that is not contained in the Rule 26(a)(2)(B) report.

### IV.    CONCLUSION

For the reasons detailed above, Plaintiffs' Motion *in Limine* to exclude: (1) evidence relating to whether Mr. Swords was injured is **DENIED**; (2) evidence of unrelated prior medical history is **DENIED**;  (3) evidence of prior motor vehicle accidents is **GRANTED**; (4) evidence of prior workers' compensation claims is **GRANTED in part** and **DENIED in part**; (5) evidence about Defendant Blevins or Defendant Transport Solutions is **DENIED**; (6) evidence of drug use by Plaintiffs' adult daughter is **GRANTED**; and (7) any opinions of Defendants' expert witness Dr. Steiman that are not set forth in his Rule 26(a)(2)(B) report is **GRANTED**.

**IT IS SO ORDERED.**

                                                                 s/ Algenon L. Marbley  
                                                                 **ALGENON L. MARBLEY**  
                                                                 **UNITED STATES DISTRICT JUDGE**

**DATED:  January 8, 2016**